# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS*
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RONALD L. GREEN**
**United States Army, Appellant**

ARMY 20110286

Headquarters, United States Army Maneuver Support Center of Excellence
and Fort Leonard Wood
Susan Arnold and Charles Hayes, Military Judges
Colonel James R. Agar, II, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Captain Ian M. Guy, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Maurer, JA; Captain Sean P. Fitzgibbon, JA (on brief).

8 January 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Senior Judge:

A panel composed of enlisted members, sitting as a general court-martial, convicted appellant contrary to his pleas of three specifications of aggravated sexual assault; one specification of wrongful sexual contact; and one specification of adultery in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. III) [hereinafter UCMJ].  The enlisted panel sentenced appellant to a bad-conduct discharge and confinement for seven years. The convening authority approved the adjudged sentence.

---

* Senior Judge YOB took final action on this case prior to his permanent change of duty station.

GREEN — ARMY 20110286

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial and the written briefs of the parties in which appellant raises three assignments of error, one of which merits discussion and relief.  We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

In his third assignment of error, appellant asserts this court is required to set aside his conviction for adultery because the government failed to allege the terminal element of Article 134, UCMJ, in the Specification of Charge II.  We agree.

In light of *United States v. Humphries,* 71 M.J. 209 (C.A.A.F. 2012) and *United States v. Fosler,* 70 M.J. 225 (C.A.A.F. 2011), we are compelled to disapprove the findings of guilty of the Specification of Charge II and Charge II.  First, "[w]here, as here, a specification neither expressly alleges nor necessarily implies the terminal element, the specification is defective."  *United States v. Gaskins*, 72 M.J. 225, 231-32 (C.A.A.F. 2013) (citing *Fosler*, 70 M.J. at 229-30).  The specification in this case does not contain any allegation of the terminal element under Article 134, UCMJ.

We note appellant did not object to the form of the specification at trial, therefore, "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice."  *Humphries*, 71 M.J. at 213-14 (citing *United States v. Cotton*, 535 U.S. 625, 631-32 (2002)).  To prove prejudice, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice."  *Id.* at 215.  *See also* UCMJ art. 59(a).  To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'"  *Id.* at 215-16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

There is nothing in this record to satisfactorily establish notice of the government's theory as to which clause(s) of the terminal element of Article 134, UCMJ, appellant violated.  Therefore appellant's substantial right to notice was materially prejudiced by the government's failure to allege the terminal element.

On consideration of the entire record, the assignments of errors raised, and the matters personally raised by appellant pursuant to *Grostefon*, we hold the findings of guilty of Charge II and its specification are set aside and dismissed.  The remaining findings of guilty are affirmed.  Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, __ M.J. __, slip op. at 12-13 (C.A.A.F. 18 Dec. 2013), the court

2

GREEN — ARMY 20110286

affirms the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of the finding of guilty set aside by the decision, are ordered restored.

Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court